UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICIA BELL,

    Plaintiff,

v.

DOLLAR TREE, INC. et al.,

    Defendants.

Case No. 24-13259
Honorable Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

**ORDER DENYING MOTION FOR RECONSIDERATION [31]**

On May 9, 2025, after Defendants filed a motion to dismiss Plaintiff's complaint (ECF No. 16), Plaintiff properly filed an amended complaint (ECF No. 23). (*See also* ECF No. 22.) That made her prior complaint a "nullity," *B&H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008), as indicated in the Court's April 30, 2025, order (ECF No. 22) and as reflected by Defendants' subsequently filed motion to dismiss Plaintiff's amended complaint (ECF No. 24). *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (explaining that an amended complaint supersedes all prior complaints and becomes the operative pleading). "[M]otions directed at the superseded pleading . . . generally are to be denied as moot." *Myslivecek v. FCA US LLC*, No. 23-12980, 2024 U.S. Dist. LEXIS 26685, at *2 (E.D. Mich. Feb. 15, 2024) (internal quotation marks omitted) (collecting cases); (*see also* ECF No. 22, PageID.193 ("If an amended complaint is filed, the Court will dismiss as moot Defendants' pending dispositive motion.").) Thus, the Court denied as moot Defendants' initial motion to dismiss. (ECF No. 27.)

Plaintiff now seeks reconsideration of that order based on newly acquired evidence. (ECF No. 31.) The motion is untimely. E.D. Mich. LR 7.1(h). And, in any event, new evidence has nothing to do with whether the filing of an amended complaint moots a motion to dismiss an earlier-filed complaint.

Accordingly, Plaintiff's motion for reconsideration (ECF No. 31) is DENIED.

SO ORDERED.


Dated: November 21, 2025

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE