UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICIA BELL,

     Plaintiff,

v.

DOLLAR TREE, INC. et al.,

     Defendants.

Case No. 24-13259
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING DEFENDANTS' UNOPPOSED
MOTION TO DISMISS [24]**

---

Alicia Bell alleges that, while working at Dollar Tree between April and December of 2024, she was subjected to race discrimination, a hostile work environment, and retaliation in violation of Title VII and 42 U.S.C. § 1981. She filed this *pro se* lawsuit against Dollar Tree and her former store managers in December of 2024 (ECF No. 1) and filed an amended complaint in May of 2025 (ECF No. 23).

In her amended complaint, Bell asserts four claims styled as three counts: hostile work environment in violation of Title VII (count 1), race discrimination in violation of both Title VII and 42 U.S.C. § 1981 (count 2), and retaliation for protected activity in violation of Title VII (count 3). (*Id.* at PageID.198–199.) She seeks injunctive and monetary relief. (*Id.* at PageID.200.)

All defendants, collectively referred to as "Dollar Tree," move to dismiss Bell's amended complaint. (ECF No. 24.) Dollar Tree argues first that Bell failed to exhaust her administrative remedies as required under Title VII and second that Bell fails to

state a claim of hostile work environment, race discrimination, or retaliation. Bell did not file a response.[1]

The Court has reviewed the record and briefing and finds that oral argument is not needed to resolve the unopposed motion. *See* E.D. Mich. LR 7.1(f). For the reasons below, the Court GRANTS the unopposed motion.

## I.

Because Dollar Tree seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court construes the amended complaint in the light most favorable to Bell, including by assuming the truthfulness of her nonconclusory allegations and drawing all reasonable inferences in her favor. *See, e.g., Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020). And because Bell proceeds *pro se*, the Court reads her complaint "indulgently." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429 (6th Cir. 2009); *see Heyward v. Cooper*, 88 F.4th 648, 653 (6th Cir. 2023) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam))). Thus construed, Bell's complaint presents the following narrative.

---

[1] The Court notes that Bell recently filed a motion for reconsideration that attaches a right-to-sue notice. (ECF No. 31.) This motion comes over five months after Dollar Tree filed its motion to dismiss and four and a half months after Bell's deadline to file a response, and the attached right-to-sue letter was itself not issued until well after that response deadline had passed. The filing fails to alter the Court's analysis for the reasons explained below.

Alicia Bell, a Black woman, worked as an associate for Dollar Tree Stores, Inc., from April of 2024 until her termination in December of 2024. (ECF No. 23, PageID.195, 197.)

She first worked at the Canton, Michigan, location, until her manager, Kristin Kotsch, suspended her without pay on July 23, 2024. (*Id.* at PageID.195–196.) This suspension came "without any prior . . . warnings," "a chance to Contest [her] Suspension" (*id.* at PageID.196), or a "sufficiently detailed" explanation (*id.* at PageID.195).[2]

Bell later "complained about discrimination and harassment" to District Manager Scott Liddell, although she does not elaborate on the underlying discriminatory or harassing conduct that she allegedly disclosed. (*Id.* at PageID.198.) But "[a]fter [she] complained" (*id.*), Bell was transferred to a Dollar Tree store in Westland managed by Jessica Jackson (*id.* at PageID.196, 198). Jackson "never communicated with Bell" directly, and she "always had to communicate" with a different manager, Tiffani Smith, who "happened to be the same ethnicity" as Bell. (*Id.* at PageID.196.)

---

[2] Citing Bell's original complaint (ECF No. 1), Dollar Tree says Bell was suspended "after an incident with a customer" (ECF No. 24, PageID.211; *see* ECF No. 1, PageID.1, 3). The Court does not consider the allegations in Bell's initial complaint, which was superseded by her amended complaint (ECF No. 23). *See, e.g., Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) ("[The] original complaint . . . is a nullity, because an amended complaint super[s]edes all prior complaints."). Nor would doing so alter the Court's analysis below, as Bell's complaint is subject to dismissal even accepting as true her allegation that she was suspended without adequate explanation.

"[U]pon arriving" at the Westland location for her first day, Bell was initially "told . . . that she could stay as long as she wanted." (*Id.*) But after "a few hours passed," Bell was "told that she could leave because she wasn't being productive" and "wasn't needed any longer." (*Id.*) Bell noticed this came "after another Associate" had entered the store, and she "later found out" that Jackson had also arrived "shortly" before she was sent home. (*Id.*)

Later, Bell's hours were reduced, and Jackson "continuously . . . denied [Bell] additional hours." (*Id.* at PageID.197.) At some point, Bell complained to Liddell "about the retaliation from Jackson" and afterward "noticed less hours were given." (*Id.* at PageID.198.) When "family matters" caused Liddell to no longer be available, Bell "complained about discrimination & retaliation" to Regional Manager Dave Long. (*Id.* at PageID.197.) Liddell and Long both "failed to sufficiently investigate the allegations and failed to take prompt and appropriate remedial action." (*Id.*)

On December 6, 2024, Bell filed this lawsuit. (*See* ECF No. 1.) She sues Dollar Tree (both Dollar Tree, Inc., and Dollar Tree Stores Inc.) and Long, Liddell, Jackson, and Kotsch (each of the managers named above). (ECF No. 23.) The Defendants, however, were not served until late January of 2025. (ECF Nos. 9, 10, 14.) In the interim, on December 19, 2024, Bell was terminated. (ECF No. 23, PageID.199.)

## II.

In the absence of a response by Bell, Dollar Tree's motion to dismiss is unopposed. *See* E.D. Mich. LR. 7.1(c)(1). What that means in this Circuit is not entirely clear.

4

Some cases suggest that an unopposed motion to dismiss can be granted because the plaintiff has abandoned any potential arguments. *See, e.g.*, *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and reasoning that, "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *see also Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) ("The district court correctly noted . . . that [the plaintiff] abandoned those claims by failing to raise them in his brief opposing the government's motion to dismiss the complaint. Accordingly, we need not consider those claims."); *Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) (collecting cases) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned."); *PNC Bank v. Goyette Mech. Co.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (collecting cases) ("A plaintiff abandons undefended claims."); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) ("Plaintiff has not responded to Defendant's motion to dismiss this claim, and the Court assumes he concedes this point and abandons the claim.").

But the Sixth Circuit has also suggested that a district court cannot grant a motion to dismiss for failure to state a claim on the sole ground that a plaintiff has

failed to respond pursuant to a local rule. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Thus, for good measure, the Court has reviewed the merits of the motion to determine whether Dollar Tree has satisfied its burden. *See, e.g.*, *Gordon v. Radius Glob. Sols., LLC*, No. 23-13147, 2024 WL 4571395, at *2 (E.D. Mich. Oct. 24, 2024); *Mgmt. Sols. Holdings, LLC v. City of Southfield*, No. 24-10279, 2024 WL 4864180, at *1–2 (E.D. Mich. Nov. 21, 2024).

### III.

### A. Individual Liability

As an initial matter, Dollar Tree correctly asserts that Bell's Title VII claims against Kotsch, Jackson, Liddell, and Long must be dismissed "because Title VII does not recognize individual liability." (ECF No. 24, PageID.219); *see, e.g.*, *Han v. Univ. of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013) ("Title VII does not allow for liability on the part of any person or entity other than Plaintiff's 'employer.' And according to [the Sixth Circuit], under 42 U.S.C. § 2000e, an 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff."); *see also Sanders v. Wayne State Univ.*, No. 22-12025, 2024 WL 5701385, at *4 (E.D. Mich. Jan. 9, 2024) (explaining that individual liability may not be imposed under Title VII but may be imposed under § 1981).

Bell presents no argument or legal authority to the contrary, as is the case with respect to all of Dollar Tree's arguments in its unopposed motion to dismiss. *See, e.g.*, *Brown v. Accenture Fed. Servs.*, No. 15-24, 2016 WL 3298543, at *5 n.8 (E.D. Ky. June

6

13, 2016) ("Brown presents no argument or legal authority to the contrary, and does not even address this concern in his responsive brief, thereby effectively conceding that his claims against Smith should be dismissed [based on the absence of individual liability under Title VII]." (citing *Humphrey*, 279 F. App'x at 331)); *Harrison v. Mich. Dep't of Health & Hum. Servs.*, No. 22-12034, 2023 WL 4237580, at *8 (E.D. Mich. June 28, 2023) ("Plaintiffs did not address these arguments by Defendants [that their Title VII claims against the individual defendants must be dismissed] in their Response brief opposing Defendants' motion to dismiss, and the Court finds that Plaintiffs have abandoned this claim." (citing *Doe*, 507 F.3d at 1007–08)). Nor could she counter this "well settled" principle. *Harrison*, 2023 WL 4237580, at *7 (citing *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001)).

Thus, Bell's Title VII claims against Kotsch, Jackson, Liddell, and Long fail as a matter of law and are dismissed.[3]

## B. Title VII Exhaustion

The Court next considers whether Bell's complaint is subject to dismissal for failure to exhaust her administrative remedies under Title VII.[4]

---

[3] Dollar Tree similarly asserts that Dollar Tree, Inc., unlike Dollar Tree Stores, Inc., was not Bell's employer and thus cannot be held liable under Title VII. (ECF No. 24, PageID.220.) It does not provide any support for that assertion, contending only that Bell's amended complaint added Dollar Tree Stores, Inc., as a defendant in recognition of that fact and in light of its argument to the same effect in its mooted motion to dismiss. (*Id.*) While the Court sees no reason to not accept this undisputed representation from the entity that would know best, it also need not reach the issue given that none of Bell's claims may proceed against any defendant.

[4] Dollar Tree mischaracterizes Bell's failure to exhaust as grounds for dismissal under Rule 12(b)(1). (*See* ECF No. 24, PageID.215 ("[T]he court lacks subject matter jurisdiction over [Bell's] Title VII claims as [she] failed to exhaust her

### 1. Requirements

Before filing suit in federal court, a plaintiff alleging employment discrimination under Title VII must first exhaust her administrative remedies. That means the following.

*1. Timely Charge of Discrimination*—Within 300 days of the "alleged unlawful employment practice," a Title VII plaintiff must file a charge of discrimination with the EEOC or relevant state agency. 42 U.S.C. § 2000e-5(e)(1); *see Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 520 n.4 (6th Cir. 2021) ("If the plaintiff resides in a state that is a 'deferral jurisdiction,' meaning the jurisdiction has a law prohibiting the alleged misconduct and an agency capable of granting or seeking relief from the conduct, she has 300 days to file a charge."); *Williams v. Univ. of Mich.*, No. 22-10296, 2022 WL 16796741, at *12 (E.D. Mich. Nov. 8, 2022) ("Michigan is a deferral jurisdiction."). That charge kicks off an investigation by the EEOC. *See Fort Bend County*, 587 U.S. at 544 ("Upon receiving a charge, the EEOC notifies the employer and investigates the allegations." (citing 42 U.S.C. § 2000e-5(b))). "A charge of discrimination . . . formally asserts claims, triggers enforcement procedures, and puts the employer on notice of potential legal action. That way, a charge gives the EEOC and the employer a chance to 'settle the dispute through conference, conciliation, and persuasion.'" *Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 764

---

administrative remedies.").) But Title VII's exhaustion requirement, although mandatory, is not jurisdictional. *See Fort Bend County v. Davis*, 587 U.S. 541, 552 (2019). So failure to exhaust is a basis to dismiss under Rule 12(b)(6) for failure to state a claim. *See id.* at 543; *Hardyway v. McDonough*, No. 22-00037, 2022 WL 3702094, at *4 (M.D. Tenn. Aug. 25, 2022).

(6th Cir. 2025) (citations omitted); *see Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) ("The purpose of the [administrative exhaustion] requirement is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation.").

*2. Right-to-Sue Notice*—If the EEOC finds "reasonable cause to believe the charge is true," the agency will first engage the employer in "informal methods of conference, conciliation, and persuasion," 42 U.S.C. § 2000e-5(b), and, if those methods are unsuccessful, the agency has first option to "bring a civil action" against the employer, *id.* § 2000e-5(f)(1). "If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true," it will dismiss the charge and notify the plaintiff of her right to bring a civil action. *Id.* § 2000e-5(b), (f)(1); *see also Fort Bend County*, 587 U.S. at 545 ("Whether or not the EEOC acts on the charge, a complainant is entitled to a 'right-to-sue' notice 180 days after the charge is filed."). That right-to-sue notice "gives the Title VII plaintiff a green light to bring an employment-discrimination claim in court." *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006).

*3. Timely Suit & 4. Reasonable Relation*—The plaintiff then has 90 days to file her Title VII lawsuit. 42 U.S.C. § 2000e-5(f)(1); *see also Davis v. Lincoln Crawford Care Ctr.*, No. 24-3910, 2025 WL 2944302, at *1 (6th Cir. Oct. 14, 2025) ("The 90-day limitations period generally begins running 'on the fifth day' after the EEOC sends the right-to-sue notice to the plaintiff."). And the claims raised therein must

"reasonably relate to or grow out of the facts alleged in [her] Charge." *Pemberton*, 150 F.4th at 762. "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). "[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998). "This is known as the 'expected scope of investigation test' and requires a plaintiff to have alleged sufficient facts in his or her EEOC complaint to put the EEOC on notice of the other claim." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010); *see Barrow v. City of Cleveland*, 773 F. App'x 254, 260 (6th Cir. 2019) ("The general rule in this circuit is that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." (citation modified)).

In sum, Title VII requires (1) the timely filing of a charge of discrimination, (2) the receipt of a right-to-sue notice, and (3) the timely filing of a lawsuit (4) that raises claims that are reasonably related to the claims raised in the administrative charge. *See Fort Bend County*, 587 U.S. at 544–45 (outlining Title VII's administrative exhaustion requirements); *Pemberton*, 150 F.4th at 760–62 (explaining that plaintiff's EEOC charge and lawsuit must allege reasonably related facts for plaintiff to satisfy Title VII's administrative exhaustion requirements as to those allegations).

## 2. Application

On the present record, the Court finds that Dollar Tree has carried its burden of showing that Bell failed to exhaust Title VII's administrative remedies, thus entitling it to dismissal of these claims under Rule 12(b)(6).[5]

As Dollar Tree acknowledges (ECF No. 24, PageID.213), Bell does allege that she filed a charge of discrimination with the EEOC concerning her former employer's misconduct (ECF No. 23, PageID.197). She does not attach the charge document to her amended complaint but states therein that the EEOC "received a complaint (EEOC Charge No. 471-2025-04379)" in which she "alleged, inter alia, that she had been discriminated against and harassed based on national origin (African American) by her Managers [and] that she was retaliated against because she engaged in activity protected under Title VII." (*Id.*)

Dollar Tree correctly points out, however, that simply filing a charge of discrimination does not satisfy Title VII's administrative exhaustion requirements. (ECF No. 24, PageID.213–215.) And "[i]t is not clear" from Bell's complaint allegations alone, says Dollar Tree, when Bell filed that charge "or what [she] alleged to the [EEOC]." (*Id.* at PageID.213.) Dollar Tree further asserts that "there is no indication that [Bell] has received the required Notice of Right to sue from the

---

[5] While Bell is not obligated to present evidence in response to Dollar Tree's Rule 12(b)(6) motion to dismiss, she still must "allege[] facts which, if accepted as true, show [s]he fulfilled Title VII['s] exhaustion requirements." *Botter v. Tuesday Morning*, No. 18-00847, 2019 WL 2452987, at *3 n.4 (S.D. Ohio June 12, 2019) (citing *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014)), *report and recommendation adopted*, 2019 WL 2643681 (S.D. Ohio June 27, 2019).

[EEOC]" (*id.* at PageID.215)—although that at least Bell has since remedied[6] (*see* ECF No. 31, PageID.281); *Li v. Jiang*, 38 F. Supp. 3d 870, 874–75 (N.D. Ohio 2014) ("A plaintiff's failure to obtain a right to sue letter prior to filing a lawsuit can be cured by obtaining the letter after a lawsuit is filed but before a court enters judgment dismissing the action, as long as the defendants are not prejudiced." (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 310, 310 (6th Cir. 2001))).

Start with Dollar Tree's assertion that it cannot tell whether Bell's charge of discrimination was timely filed with the EEOC. On this score, it misses the mark. The Court can discern from Bell's pleading alone that she filed her charge within 300 days of the alleged unlawful practices—because she filed it at least by May 9, 2025, when she amended her complaint and cited the charge number. Even if Bell filed the charge earlier that same day, it would have been timely as to incidents from July 13, 2024, on. Because her complaint alleges employment discrimination that occurred between July 23, 2024, and December 19, 2024 (*see* ECF No. 23, PageID.197, 199),

---

[6] In October of 2025, Bell filed a motion for reconsideration with her right-to-sue letter attached. (ECF No. 31; *see* ECF Nos. 28, 30.) That letter is dated August 11, 2025. (ECF No. 31, PageID.281.) So it appears that at the time Bell initiated this lawsuit in December of 2024, she indeed had yet to obtain a right-to-sue notice from the EEOC. Nor had she obtained one by the time Dollar Tree moved to dismiss in May of 2025, so she could not have disputed her failure to exhaust even if she had filed a response to the motion. That said, by finally obtaining and filing her EEOC notice, Bell has ostensibly cured this defect. *See Li*, 38 F. Supp. 3d at 874–75. *But see Townsend v. Rockwell Automation, Inc.*, No. 21-02226, 2022 WL 524773, at *3 (N.D. Ohio Feb. 22, 2022) ("[D]istrict courts retain discretion to dismiss claims or actions without prejudice where a plaintiff fails to obtain a right-to-sue letter before filing." (citing *Mitchell v. Chapman*, 343 F.3d 811, 820 n.10 (6th Cir. 2003))), *aff'd on other grounds*, No. 22-3244, 2022 WL 19225413 (6th Cir. Oct. 25, 2022). But for the reasons explained in this order, other deficiencies still warrant dismissal.

Bell adequately alleges that her charge of discrimination was timely for administrative exhaustion purposes.

That said, Dollar Tree is right that Bell's complaint fails to support the reasonable inference that she exhausted the claims raised in this suit.

Recall that a plaintiff who has filed a charge of discrimination and received a right to sue letter may only raise claims in her subsequent lawsuit that are "reasonably related to or grow out of the factual allegations in the EEOC charge." *Younis,* 610 F.3d at 362. "This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Id.* at 361. "[C]laims sharing the same subject matter, such as race discrimination, are not automatically 'reasonably related' if they have different factual predicates." *Johnson v. Riviana Foods, Inc.*, No. 14-2911, 2015 WL 4759014, at *4 (W.D. Tenn. Aug. 12, 2015) (citing *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1236 (6th Cir. 1980)); *see Golden v. Mirabile Inv. Corp.*, 724 F. App'x 441, 445 (6th Cir. 2018) ("[T]he generic charge of race and sex-based discrimination on the date of his termination simply would not otherwise 'prompt the EEOC to investigate' hostile work environment claims or discrimination claims based on promotions, raises, leave or job duties. For this Court to find otherwise would undermine the standard set by *Younis* and permit any generic one-issue EEOC claim to cover all other forms of discrimination in the workplace.").

13

Naturally, courts consider the factual allegations made in a plaintiff's EEOC charge document (and, to some extent, the check boxes that the plaintiff selected) to determine whether the Title VII claims raised in their lawsuit exceed the scope of the claims the EEOC would have been on notice to investigate. *See Dixon*, 392 F.3d at 217 (explaining on motion to dismiss that "[t]he determinative inquiry . . . is whether Dixon alleged sufficient facts in his EEOC Complaint to put the EEOC on notice of his retaliation claim, despite that he did not check the appropriate box on the EEOC's Complaint of Discrimination form"); *Younis,* 610 F.3d at 361 (finding that plaintiff failed to exhaust retaliation claim where he failed to check off "retaliation" in EEOC charge document and "nothing in the narrative portion of the EEOC charge . . . could be interpreted as claiming retaliation"); *Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 658 (6th Cir. 2016) ("Deister failed to check the box in his EEOC form entitled 'retaliation.' Nor does the narrative section include facts that would suggest that he intended to bring an ADA retaliation claim. Therefore, . . . Deister failed to exhaust his administrative remedies as to his retaliation claim . . . ."); *Williams*, 2022 WL 16796741, at *12 (concluding, based on EEOC charge attached to plaintiff's complaint, that plaintiff failed to exhaust Title VII race discrimination claim where her charge allegations were not reasonably related); *Lampkin v. Silver Line Bldg. Prods., LLC*, No. 22-1810, 2025 WL 959451, at *5 (N.D. Ohio Mar. 31, 2025) (finding exhaustion only as to Title VII race discrimination claim concerning termination and reasoning that, although plaintiff "check[ed] both the 'retaliation' and 'race' boxes" in his EEOC charge, plaintiff's charge allegations "would not have 'prompt[ed] the

EEOC to investigate' a Title VII retaliation claim" or "any Title VII claim that was unrelated to [plaintiff's] termination").

Here, without any non-conclusory allegations about the content of her EEOC charge, without the charge document itself, and without any objections to Dollar Tree's exhaustion arguments, the Court cannot reasonably infer that any of Bell's Title VII claims have been properly exhausted. *See Gooden-Williams v. Morgan & Morgan L. Firm*, No. 24-04550, 2025 U.S. Dist. LEXIS 185841, at *7 (N.D. Ga. Sept. 22, 2025) ("Plaintiff did not attach his EEOC charge to his complaint. While his right-to-sue letter demonstrates that he filed a charge with the EEOC, it does not provide any details regarding the substance of that charge, nor does it provide the date the charge was filed. As a result, it is impossible to determine whether Plaintiff properly exhausted his claims at the administrative level."); *cf. Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 475 (6th Cir. 2008) ("[The plaintiff] failed to exhaust her hostile environment claim, as she offered no evidence that the EEOC actually investigated this claim or that such claims could reasonably be expected to grow out of the charge."); *Brown v. Pro. Grp.*, No. 20-11466, 2021 WL 3847691, at *5 (E.D. Mich. Aug. 27, 2021) ("Because none of the facts provided in the charge hint at action taken in retaliation for protected conduct, an investigation into the complained of conduct would not be expected to lead to an examination of possible retaliation." (collecting cases)).

In her amended complaint, Bell says only that her EEOC charge "alleged, inter alia, that she had been discriminated against and harassed based on national origin

(African American) by her Managers," that she "complained about discrimination & retaliation" to higher-ups Liddell and Long, and "that she was retaliated against because she engaged in activity protected under Title VII." (ECF No. 23, PageID.197.) This vague and conclusory summary tells the Court little if anything about the narrative Bell presented to the EEOC in her charge document. And when Dollar Tree rightly asserts that it cannot tell "what Plaintiff alleged to the [EEOC]" and, in turn, whether she exhausted her administrative remedies (ECF No. 24, PageID.213), that assertion goes unchallenged. Dollar Tree has thus carried its burden of showing that Bell fails to demonstrate administrative exhaustion as to her Title VII claims.

This is especially true with respect to Bell's hostile work environment claim. Even if Bell made the exact same factual allegations in her EEOC charge (which, by her own description of the EEOC charge, seems unlikely), those allegations still would not have put the agency on notice of a hostile work environment claim— because Bell alleges only discrete acts by Dollar Tree.[7] *See McNeal v. City of Blue Ash*, 117 F.4th 887, 899 (6th Cir. 2024) ("[A]llegations of discrete discriminatory acts otherwise actionable as independent disparate-treatment claims do not by themselves constitute harassment supporting a hostile-work-environment claim."); *id.* at 899 n.7 ("[A] hostile work environment claim is composed of a series of separate

---

[7] For similar reasons, explained below, *see infra* Section III.C.2, Bell also fails to plausibly allege a hostile work environment claim. *Cf. Hill v. Oak St. Health MSO LLC*, No. 22-10684, 2023 WL 4206065, at *5 (E.D. Mich. June 27, 2023) ("[T]he EEOC charge of discrimination contains merely discrete acts by the Defendant, but more importantly, it contains no allegations from which a hostile-work-environment claim based on sex could be reasonably inferred.").

16

acts that collectively constitute one 'unlawful employment practice.' A hostile work environment is a kind of atmospheric hostility that, although generated by discrete incidents, hangs over the entire employment experience." (citations omitted)). "No decision in this circuit has held that EEOC charges regarding discrete acts of discrimination are alone sufficient to put the EEOC on notice of a hostile-work-environment claim. Several unpublished decisions of this court have in fact held to the contrary." *Jones v. City of Franklin*, 309 F. App'x 938, 943 (6th Cir. 2009); *see Hayes v. Clariant Plastics & Coatings USA, Inc.*, 144 F.4th 850, 865 (6th Cir. 2025) ("'[T]he inclusion in an EEOC charge of a discrete act or acts, standing alone, is insufficient to establish a hostile-work-environment claim for purposes of exhaustion.' That is because a hostile work environment claim cannot be 'reasonably expected to grow out of the charge' alleging only discrete acts of discrimination." (citations omitted)); *see also Jones v. DeJoy*, No. 20-12006, 2021 WL 4034234, at *3–4 (E.D. Mich. Sept. 3, 2021) ("In her EEO complaint, Jones alleged that the USPS discriminated against her with respect to several discrete events, such as not promoting her . . . . However, discrete employment decisions cannot form the basis of a hostile-work-environment claim."), *aff'd*, No. 21-1608, 2022 WL 6228433 (6th Cir. Aug. 22, 2022); *Harrison*, 2023 WL 4237580, at *15 ("Because Plaintiffs' 2021 EEOC Charges address discrete acts and did not include any content that could reasonably be expected to prompt the EEOC to investigate a hostile work environment claim, Plaintiffs' Title VII hostile work environment claims are dismissed for failure to exhaust administrative remedies.").

17

## C. Failure to State a Claim

Bell's claim of race discrimination under 42 U.S.C. § 1981 is not subject to Title VII's exhaustion requirements, so it survives Dollar Tree's failure-to-exhaust arguments. But it does not survive Dollar Tree's plausibility arguments.[8] Nor do Bell's Title VII claims survive Dollar Tree's unopposed motion to dismiss, even assuming that Bell had shown administrative exhaustion.

### 1. Discrimination (Title VII and § 1981)

To survive a motion to dismiss for failure to state a claim of race discrimination under Title VII or § 1981, Bell's amended complaint must contain "sufficient factual allegations to permit the court to reasonably infer that the discrimination that she alleges was because of her race. This [Bell] has failed to do." *Johnson v. Bender Mgmt., LLC*, No. 25-1374, 2025 WL 2742524, at *2 (6th Cir. Sept. 26, 2025) (citation omitted).

"The Court applies the same legal framework to racial discrimination . . . claims under both Title VII and § 1981, although § 1981 requires a showing of but-for causation." *Loggins v. Costco Wholesale Corp.*, No. 23-02749,

---

[8] Dollar Tree apparently argues only that Bell fails to state a race discrimination claim under Title VII, overlooking that she also alleges race discrimination under § 1981. But because the claim elements overlap, Dollar Tree's arguments for dismissal of Bell's Title VII race discrimination claim apply to her § 1981 discrimination claim. Further, because Bell is proceeding *in forma pauperis*, the Court has an ongoing obligation to screen her complaint. *See* 28 U.S.C. § 1915(e)(2) (requiring the Court to dismiss "at any time" a complaint that fails to state a claim); *Strickland v. Courtright*, No. 23-12756, 2024 WL 1607019, at *1 (E.D. Mich. Apr. 12, 2024) (granting unopposed motion to dismiss brought by two of three defendants and *sua sponte* dismissing third defendant for failure to state a claim under 28 U.S.C. § 1915(b)(2)).

2025 U.S. Dist. LEXIS 208954, at *11 (W.D. Tenn. Oct. 23, 2025); *see Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020) ("To prevail [under § 1981], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."). Discriminatory intent is an essential element of a race discrimination claim under either statute. *See Beny v. Univ. of Mich. Bd. of Regents*, No. 22-12021, 2023 WL 4409107, at *8 (E.D. Mich. July 7, 2023) ("In the ordinary case, to plead a claim of race . . . discrimination under Title VII the plaintiff must state facts that show that the defendant took adverse action against her, and that race . . . was a motivating factor."); *Lewis v. Dow Chem. Co.*, No. 24-12911, 2025 WL 2618952, at *3 (E.D. Mich. Sept. 10, 2025) ("To state a claim for relief under § 1981, [a plaintiff] must plausibly allege that (1) he belongs to a protected class, (2) [the defendant] intended to discriminate against him based on his race (i.e., discriminatory intent), and (3) [the defendant's] discriminatory conduct abridged his right to contract (as through termination)."). At the motion to dismiss stage, a plaintiff "d[oes] not need to *prove* discriminatory intent, but rather need[s] to allege facts making it *plausible* that such intent existed." *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 755–56 (6th Cir. 2023) (emphasis added); *see Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012). A plaintiff can show an employer's discriminatory intent "through either direct evidence of discrimination or circumstantial evidence 'which would support an inference of discrimination.'" *Inner City Contracting*, 87 F.4th at 755.

Bell adequately alleges only that she belongs to a protected class (as a Black woman) and that Dollar Tree subjected her to an adverse employment action (by, for example, reducing her hours, suspending her without pay, and/or terminating her). *See, e.g.*, *Norman v. Rolling Hills Hosp., LLC*, 820 F. Supp. 2d 814, 823 (M.D. Tenn. 2011) (explaining that reduction in hours is an adverse employment action under § 1981); *Beny*, 2023 WL 4409107, at *9 (finding that suspension without pay constituted adverse employment action in academia context); *Muldrow v. City of St. Louis*, 601 U.S. 346, 343597 (2024) (explaining that a transfer may constitute an adverse employment action as long as it leaves the transferee "worse off"). But to state a race discrimination claim under Title VII or § 1981, Bell must do more—she must "connect the dots" between the two. *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 464 (6th Cir. 2015); *see Mobley v. Team Wellness Ctr.*, No. 22-12589, 2024 WL 1317783, at *5 (E.D. Mich. Mar. 27, 2024) (dismissing § 1981 claim where complaint "lack[ed] facts that connect the dots between any denied promotion and her race," i.e., failed to "support a reasonable inference . . . that but for her race, [plaintiff] would have received a promotion that went to her white coworker . . . [or] that the denied promotion was due to racial animus"); *Roan v. Ensminger*, 294 F. Supp. 3d 758, 762–63 (M.D. Tenn. 2018) (same under Title VII).

Bell fails to connect the dots. Her threadbare amended complaint does not allow the Court to "draw the reasonable inference," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that Dollar Tree terminated her, suspended her, or reduced her hours based on any discriminatory intent (let alone "because of" her race as required under

§ 1981). *See Masaebi v. Arby's Corp.*, 852 F. App'x 903, 909 (6th Cir. 2021) (concluding that plaintiff failed to plausibly allege discrimination under analogous state law where "complaint contained no factual allegations from which an inference of animus can be drawn" and "provides no basis for [plaintiff's] belief that her managers were biased against Middle Eastern immigrants, nor any facts allowing the court to infer that employment decisions, including [plaintiff's] firing, were motivated by her national origin"); *Bender Mgmt.*, 2025 WL 2742524, at *2 ("Because [plaintiff]s discrimination claim consists of conclusory assertions without any supporting factual content, Johnson fails to present a plausible claim for relief."); *see also HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) ("A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief."); *Han*, 541 F. App'x at 627 ("This Court is not required to accept inferences drawn by Plaintiff if those inferences are unsupported by the facts alleged in the complaint."); *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "Simply because a plaintiff is a member of a protected class and has had some adverse employment action taken against him, without more specific details or allegations of job-related racial discrimination, does not state a valid claim under 42 U.S.C. § 1981" or Title VII. *Shah v. Fortive Corp.*, No. 22-312, 2024 WL 3226108, at *11 (S.D. Ohio June 27, 2024); *see Beny*, 2023 WL 4409107, at *9 (finding that, while plaintiff satisfied

adverse action element of Title VII claim, she "ha[d] not pleaded sufficient facts to suggest that the defendants discriminated against her on the basis of her race").

In other words, "while [Bell's] employment may have been terminated against [her] wishes, [her] complaint does not plausibly show that the termination of [her] employment, or any other adverse employment decision to which [s]he may have been subjected, was a result of discrimination based upon [her] race." *Han*, 541 F. App'x at 627; *see Accenture Fed. Servs.*, 2016 WL 3298543, at *9 ("[Plaintiff] does not allege enough facts to suggest that anyone . . . was motivated by racial animus toward him or that his termination was in any way connected to racial discrimination. [Plaintiff's] mere assertions of discrimination are unwarranted inferences that do not raise his right to relief above mere speculation, and therefore his claim of racial discrimination must be dismissed."); *Roan*, 294 F. Supp. 3d at 762–63 ("The only thing the Court can draw from [Plaintiff's] filings at this point is that he is a black man who was fired after a bank deposit was not made. As a matter of law, and in the absence of any allegation that his race or gender played any role in his termination, this is simply insufficient to plead a discrimination claim [under Title VII]."); *see also Sanders v. Hire Couns.*, No. 23-10033, 2023 WL 9111613, at *8 (E.D. Mich. Nov. 30, 2023) ("Plaintiff alleges she is 'an African American female,' which satisfies the Section 1981 element of being 'a member of a racial minority.' Yet, even assuming the element that 'the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.),' Plaintiff has not adequately alleged the element that 'defendant intended to

discriminate on the basis of race.' Nor has Plaintiff adequately alleged that the alleged discrimination happened 'but for race.'" (citation modified)), *report and recommendation adopted*, 2024 WL 69808 (E.D. Mich. Jan. 5, 2024); *Hinkle-Moore v. Dejoy*, No. 24-262, 2024 WL 4303280, at *5 (S.D. Ohio Sept. 26, 2024) (collecting cases).

Bell thus fails to plausibly allege race discrimination under § 1981 or Title VII.

## 2. Hostile Work Environment (Title VII)

The same is true for her hostile work environment claims. Dollar Tree rightly points out that Bell fails to plausibly allege severe and pervasive harassment as required to state such a claim. (ECF No. 24, PageID.215–216.)

"[A]t the motion-to-dismiss stage, a plaintiff is not required to plead facts establishing a prima facie case" of a hostile work environment. *Ogbonna-McGruder v. Austin Peay State Univ.* ("*Ogbonna-McGruder II*"), 91 F.4th 833, 839 (6th Cir. 2024) (citing *Keys*, 684 F.3d at 608–09), *abrogation on other grounds recognized by*, *Kellar v. Yunion, Inc.*, No. 25-1136, 2025 WL 3039894, at *7 (6th Cir. Oct. 31, 2025). But she still must allege "that her 'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). "Sufficiently" severe and pervasive harassment is both objectively and subjectively severe and pervasive— that is, "the conduct must be so severe or pervasive as to constitute a hostile or abusive working environment both to the reasonable person and the actual victim."

*Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006). Additionally, to adequately plead a hostile work environment claim under Title VII, a plaintiff must allege "that she is a member of a protected class and that 'the harassment was based on race.'" *Ogbonna-McGruder II*, 91 F.4th at 839 (quoting *Phillips v. UAW Int'l*, 854 F.3d 323, 327 (6th Cir. 2017)); *see also Ogbonna-McGruder v. Austin Peay State Univ.* ("*Ogbonna-McGruder I*"), No. 21-00506, 2023 WL 3572891, at *7 (M.D. Tenn. May 19, 2023) ("[T]he reasonable inference that must be drawn is that the plaintiff was subject not merely to a hostile work environment, but rather to a hostile work environment *based on a protected classification*—here, race."), *aff'd*, *Ogbonna-McGruder II*.

For starters, as above, Bell fails to allege that the supposed "harassment" she endured was "based on" her race. *Beny*, 2023 WL 4409107, at *11 ("[Plaintiff's] claims [of hostile work environment] fail for similar reasons as [her] discrimination claims: [Plaintiff] has not alleged that she was subjected to unwelcome harassment based on her . . . race . . . ."); *see Ogbonna-McGruder I*, 2023 WL 3572891, at *7. For this reason alone, she fails to state a claim.

Further, Dollar Tree is right that "none of what [Bell] contends she experienced rises to the level necessary to establish [a hostile work environment claim]." (ECF No. 24, PageID.216.) She does not allege that she was subjected to "intimidation, ridicule, and insult (and the like)," *Ogbonna-McGruder I*, 2023 WL 3572891, at *9— neither physical threats, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–23 (1993), nor persistent racial slurs, *Jackson v. Quanex Corp.*, 191 F.3d 647, 662 (6th Cir. 1999),

24

nor the "abusive language, [race]-related jokes, and occasional teasing" that is alone sufficient to state a hostile work environment claim, *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). The hostile work environment standard "sets a high bar for plaintiffs," *Khalaf v. Ford Motor Co.*, 973 F.3d 469, 485 (6th Cir. 2020), and "conduct must be extreme to amount to a change in the terms and conditions of employment," *Faragher*, 524 U.S. at 788. What Bell alleges does not meet this high bar.

Again, Bell conclusorily alleges that she was suspended, terminated, and had her hours reduced based on her race, and she appears to allege that created a hostile work environment. While a "discrete act's ancillary effects (or the way in which the discrete act was carried out) may constitute harassment that contributes to a hostile work environment," *Kellar*, 2025 WL 3039894, at *7, the acts alleged by Bell are not sufficiently severe or pervasive.

Her sole allegations that are specific to her hostile work environment claim are also insufficient. She says that she "always had to communicate with Manager Tiffani Smith which happened to be the same ethnicity as [herself], which made the Bell [sic] environment became [sic] a hostile workplace." (ECF No. 23, PageID.196.) That allegation, unlike the others, at least connects Bell's membership in a protected class to the hostile work environment she says she experienced. But it is nonetheless not of the tenor required to state a hostile work environment claim. Also insufficient is Bell's allegation, under the heading for her hostile work environment count, that "[t]he discrimination [sic] statements and conduct were unwelcome" (*id.* at PageID.198), as the Court can find no discriminatory statements alleged in Bell's

25

complaint. Nor can Bell's hostile work environment claim survive dismissal simply based on her bare allegation that "these actions were as [sic] subjectively hostile to Bell, and would be viewed as objectively hostile to a reasonable person." (*Id.*); *see, e.g.,* *White v. Coventry Health & Life Ins. Co.*, 680 F. App'x 410, 415–16 (6th Cir. 2017) (explaining that plaintiff's "wholly conclusory" and "naked assertions" that "'she suffered from harassment, discrimination, intimidation, berating and a hostile work environment, that she was 'constantly berated' by a supervisor, and that [supervisor] 'degraded and humiliated' her . . . add nothing to the complaint's sufficiency"); *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) (dismissing hostile work environment claim based on "conclusory allegations that [defendant] was 'hostile and intimidating to [her] personally'" (second alteration in original)).

In sum, even assuming that Bell exhausted Title VII's administrative remedies as to her hostile work environment claim, Dollar Tree has demonstrated that her complaint allegations fail to state a claim.

### 3. Retaliation (Title VII)

That leaves retaliation. "To survive dismissal, [Bell] must allege that (1) she engaged in protected activity; (2) her exercise of that activity was known by the Defendant; (3) the Defendant thereafter took an action that was materially adverse to her; and (4) there was a causal connection between the protected activity and the materially adverse action." *Boxill*, 935 F.3d at 520. The knowledge element does not require "direct evidence that the decision making officials knew of the plaintiff's protected activity"; allegations sufficient to support the inference of such knowledge

will satisfy this element. *See Mulhall v. Ashcroft*, 287 F.3d 543, 552 (6th Cir. 2002). And causation is plausibly alleged where the plaintiff's allegations are "sufficient to raise the inference that her protected activity was the likely reason for the adverse action." *See George v. Youngstown State Univ.*, 966 F.3d 446, 461 (6th Cir. 2020). At the pleading stage, Bell need not make a prima facie showing of retaliation, but she still must plausibly allege that Dollar Tree retaliated against her for engaging in protected conduct. *See, e.g., Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 WL 3042844, at *5 (6th Cir. Aug. 2, 2022); *Carrethers v. Speer*, 698 F. App'x 266, 271 (6th Cir. 2017); *Mesbah v. Univ. of Louisville*, No. 22-567, 2023 WL 6050232, at *12 (W.D. Ky. Sept. 15, 2023) ("Plaintiff 'need not prove the prima facie elements at this stage of the proceedings,' though she 'must allege facts that make these elements plausible.'").

Even accepting as true Bell's conclusory allegation that by "complain[ing] about discrimination and harassment" she engaged in protected activity (ECF No. 23, PageID.198–199); *but see Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 345 (6th Cir. 2021) ("While the plaintiff's allegations of protected activity do not need to 'be lodged with absolute formality, clarity, or precision,' the plaintiff must allege *more than a 'vague charge of discrimination.'*" (emphasis added)), Bell fails to plausibly allege that her protected activity was known to anyone who allegedly took adverse action against her or that it likely caused the adverse action.

Bell alleges on the one hand that store managers Kotsch and Jackson took the alleged adverse employment actions (suspended her, transferred her, reduced her

hours, and eventually terminated her) but on the other hand that her complaints were raised to District Manager Liddell and Regional Manager Long.[9] (*Compare* ECF No. 23, PageID.196 ("Kotsch suspended Bell . . . ."), *id.* at PageID.197 ("Jackson never placed Bell on the schedule for additional hours."), *and id.* at PageID.198 (Bell alleging that "her manager explained that she was being relocated"), *with id.* at PageID.197 ("Bell complained about discrimination & retaliation to . . . Liddell . . . [and] Long."), *and id.* at PageID.198 ("Bell complained to Scott Liddell about the retaliation from Jackson . . . .")). *See* ECF No. 24, PageID.219 ("Plaintiff alleges that suspension was initiated and handled by Kotsch while her complaints regarding purported discrimination allegedly went to District Manager Scott Liddell.").) So it is not clear if the decisionmakers behind the supposed retaliation—Kotsch and Jackson—were even aware of her complaints.

At best, Bell alleges mere chronology—that "[a]fter" she complained to Liddell and Long, "less hours were given" and "[she] was relocated." (ECF No. 23, PageID.198.)[10] But that alone does not allow the reasonable inference that any decisionmakers knew about Bell's complaints or that there was a causal connection

---

[9] True, "adverse employment action" is broader in the retaliation context than in the discrimination context. While Title VII's discrimination provision prohibits "an employer's actions that solely affect the terms, conditions or status of employment," the retaliation provision prohibits "conduct that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Hawkins v. Anheuser–Busch, Inc.*, 517 F.3d 321, 345 (6th Cir. 2008). Here, though, Bell alleges the same adverse actions in support of both claims.

[10] Bell similarly alleges she was terminated "after this case was filed." (ECF No. 23, PageID.199. *But see supra* ECF No. 9, 10, 14 (showing defendants were not served until after Bell's termination.)

between any protected activity by Bell and any adverse action against her. *See Ross v. Mich. State Univ. Bd. of Regents*, 837 F. Supp. 2d 712, 719 (W.D. Mich. 2011) ("At most, Plaintiff has alleged a bare-bones chronology of events and a conclusory opinion. As a result, Plaintiff has failed to state a retaliation claim."), *aff'd on other grounds*, No. 11-2278, 2012 WL 3240261, at *3 (6th Cir. June 20, 2012) ("To establish a causal connection, a plaintiff must proffer evidence sufficient to raise the inference that [his] protected activity was the likely reason for the adverse action." (alteration in original)); *cf. Boxill*, 935 F.3d at 518–19 (dismissing First Amendment retaliation claim where plaintiff "offered no plausible, non-conclusory facts to show that [defendant] was even aware of her complaints against him" because, "[w]ithout those facts, [plaintiff] cannot demonstrate that [defendant's] adverse actions were motivated in part by her protected speech").

Nor can the Court simply assume shared knowledge. *See Rembert v. Swagelok Co.*, No. 22-3554, 2023 WL 3094546, at *5 (6th Cir. Apr. 26, 2023) (rejecting plaintiff's argument at summary judgment that "his complaints to [his supervisor] can be imputed generally to [the company]" and reasoning that "'general corporate knowledge' is insufficient, and the plaintiff must instead show that 'the decisionmaker' knew of his protected activity"); *Gravely v. Thiel*, No. 22-01588, 2023 WL 6049323, at *4 (N.D. Ohio Sept. 15, 2023) (applying general-corporate-knowledge standard to analogous state law retaliation claim and concluding that "[t]he pleadings are not sufficient to establish that Dr. Thiel and Dr. Fay had anything beyond 'general corporate knowledge' of [Plaintiff's] protected activity").

29

As Dollar Tree puts it, "[e]ven assuming the events occurred as she states them, Plaintiff has not[] and cannot allege facts sufficient to show a causal connection." (ECF No. 24, PageID.219.) This satisfies Dollar Tree's burden.

In sum, despite having carefully reviewed Bell's allegations, the Court can find only conclusory allegations in support of her retaliation claim, as with her other claims. Dollar Tree has thus carried its burden, on its unopposed motion to dismiss, of showing that Bell has not adequately pled retaliation under Title VII and is entitled to dismissal under Rule 12(b)(6).

## IV.

For the reasons above, the Court concludes the Defendants (individual and entity alike) are entitled to dismissal of Bell's complaint under Rule 12(b)(6) for failure to exhaust administrative remedies as required under Title VII and failure to plausibly allege claims of race discrimination, hostile work environment, or retaliation under Title VII or 42 U.S.C. § 1981. The Court thus GRANTS Defendants' unopposed motion to dismiss (ECF No. 24) and, especially after the resources spent in issuing this opinion, will not permit any further amendments. A separate judgment will follow.

SO ORDERED.

Dated: November 21, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE